**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION**

CHARLES MOHR,                                    )
                                                 )
         Plaintiff,                              )
                                                 )
    vs.                                          )         Case No. 1:23-CV-190 SNLJ
                                                 )
STEELE POLICE DEPARTMENT, et al.,                )
                                                 )
         Defendants.                             )

**MEMORANDUM AND ORDER**

Self-represented plaintiff Charles Mohr, an inmate currently incarcerated at the Western Reception Diagnostic and Correctional Center (WRDCC), brings this action under 42 U.S.C. § 1983 for alleged violations of his civil rights. The matter is before the Court upon the motion of plaintiff for leave to proceed in forma pauperis, or without prepayment of the required filing fees and costs. Having reviewed the motion and financial information, the Court will grant the motion and assess an initial partial filing fee of $1.00. *See* 28 U.S.C. § 1915(b)(1). For the reasons discussed below, the Court will issue process on plaintiff's claim for excessive force against Officer Josh Carter. Plaintiff's claim against the Steele Police Department, however, will be dismissed.

**Initial Partial Filing Fee**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee.  If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period.  After payment of the initial partial filing fee, the prisoner is required to make monthly

payments of 20 percent of the preceding month's income credited to the prisoner's account.  28

U.S.C. § 1915(b)(2).  The agency having custody of the prisoner will forward these monthly

payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until

the filing fee is fully paid.  *Id.*

Plaintiff has failed to submit a *certified* prison account statement. As a result, the Court

will require plaintiff to pay an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d

481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of

his prison account statement, the Court should assess an amount "that is reasonable, based on

whatever information the court has about the prisoner's finances."). If plaintiff is unable to pay the

initial partial filing fee, he must submit a *certified* copy of his prison account statement in support

of his claim.

### The Complaint

Plaintiff Charles Mohr, who is currently incarcerated at WRDCC in St. Joseph, Missouri,

filed this instant action alleging violations of his civil rights. He brings this action pursuant to 42

U.S.C. § 1983. Plaintiff names as defendants in this action the Steele Police Department in Steele,

Missouri, as well as Officer Josh Carter, a police officer with the Steele Police Department.

Plaintiff claims that he was arrested on or about April 6, 2023, by Pemiscot County

Sheriff's Deputies at approximately 10:30 p.m. While handcuffed and standing in front of a

Pemiscot County Sheriff's vehicle on Bellevue Street in Steele, Missouri, Officer Josh Carter

pulled up, got out of his vehicle, and began choking plaintiff. Plaintiff claims that Pemiscot County

Sheriff's Deputy Aaron Reynolds directed Officer Carter to stop choking plaintiff and to move

behind the rear of the Sheriff's vehicle. At that time, plaintiff was then transported to the Pemiscot

County Jail. Plaintiff states that because of the altercation he was taken to the emergency room by

the Jail on the evening of April 6, 2023. He alleges that his throat was so bad after being choked

2

by Officer Carter that he could not eat regular food for approximately four to six days, and he had difficulty swallowing.

Plaintiff seeks monetary damages in this action.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must assume the veracity of well-pleaded facts but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even self-represented complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged,

3

*Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules in order to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## Discussion

Plaintiff is a self-represented litigant currently incarcerated at WRDCC who brings this civil action pursuant to 42 U.S.C. § 1983. Because he is proceeding in forma pauperis, the Court has reviewed his complaint under 28 U.S.C. § 1915. Based on that review, and for the reasons discussed below, the Court will dismiss the claim against the Steele Police Department. The Court will, however, issue process on plaintiff's individual capacity claim against defendant Officer Josh Carter.

### A. Official Capacity Claim Against Kennett Police Department

Plaintiff's claim against the Steele Police Department is subject to dismissal because the police department is not a legal entity amenable to suit. *Owens v. Scott Cty. Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003). *See also Ketchum v. City of West Memphis, Ark.,* 974 F.2d 81, 82 (8th Cir. 1992) (stating that "departments or subdivisions" of local government are not "juridical entities suable as such"); and *De La Garza v. Kandiyohi Cty. Jail*, 18 Fed. Appx. 436, 437 (8th Cir. 2001) (affirming district court dismissal of county jail and sheriff's department as parties because they are not suable entities).

Although plaintiff asserts that he is suing the Steele Police Department in its "official capacity," he has not indicated an unconstitutional policy or custom of the Police Department or Steele, Missouri, under which he is suing. A political subdivision generally cannot be held vicariously liable under 42 U.S.C. § 1983 for unconstitutional acts performed by its employees. *See Johnson v. Outboard Marine Corp.,* 172 F.3d 531, 535 (8th Cir. 1999) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)). A political subdivision can only be held liable under §

1983 if a constitutional violation resulted from an official policy, custom, or a deliberately indifferent failure to train or supervise. *Id.*; *Mick v. Raines*, 883 F.3d 1075, 1079 (8th Cir. 2018). *See also Marsh v. Phelps Cty.*, 902 F.3d 745, 751 (8th Cir. 2018) (recognizing "claims challenging an unconstitutional policy or custom, or those based on a theory of inadequate training, which is an extension of the same.

Here, plaintiff's facts do not point to the existence of any "policy statement, ordinance, regulation, or decision officially adopted and promulgated by [a Steele, Missouri] governing body" as being at issue in this case. *See Angarita v. St. Louis Cty.,* 981 F.2d 1537, 1546 (8th Cir. 1992). He does not claim that Officer Josh Carter's actions were the result of "a deliberate choice of a guiding principle or procedure made by the municipal official who has final authority regarding such matters." *See Corwin v. City of Independence, Mo.,* 829 F.3d 695, 700 (8th Cir. 2016). Plaintiff also has not established the "existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by" the Steele, Missouri's employees, much less that policymaking officials were deliberately indifferent to or tacitly authorized such misconduct, as he only alleges one particular incident on a specific date. *See Johnson v. Douglas Cty. Med. Dep't,* 725 F.3d 825, 828 (8th Cir. 2013). Additionally, he has not demonstrated that the Steele Police Department was deliberately indifferent in failing to train or supervise its employees. That is, he has not shown that Steele, Missouri "had notice that its procedures were inadequate and likely to result in a violation of constitutional rights." *See Jennings v. Wentzville R-IV Sch. Dist.,* 397 F.3d 1118, 1122 (8th Cir. 2005). For these reasons, plaintiff has failed to state a claim against either the Steele Police Department or Steele, Missouri. *See Ulrich v. Pope Cty.,* 715 F.3d 1054, 1061 (8th Cir. 2013) (affirming district court's dismissal of *Monell* claim where plaintiff "alleged no facts in his complaint that would demonstrate the existence of a policy or custom" that caused the alleged deprivation of plaintiff's rights).

5

**B. Individual Capacity Claim**

*1. Excessive Force*

"The Fourth Amendment protects citizens from being seized through excessive force by law enforcement officers." *Thompson v. City of Monticello, Ark.*, 894 F.3d 993, 998 (8th Cir. 2018). *See also Andrews v. Fuoss*, 417 F.3d 813, 818 (8th Cir. 2005) ("The right to be free from excessive force is included under the Fourth Amendment's prohibition against unreasonable seizures of the person"); and *Wilson v. Spain*, 209 F.3d 713, 715 (8th Cir. 2000) ("The Fourth Amendment's prohibition against unreasonable seizures of the person applies to excessive-force claims that arise in the context of an arrest or investigatory stop of a free citizen"). The violation of this right is sufficient to support an action under 42 U.S.C. § 1983. *Crumley v. City of St. Paul, Minn.*, 324 F.3d 1003, 1007 (8th Cir. 2003).

Whether force is excessive under the Fourth Amendment requires a determination of whether law enforcement officers' actions are "objectively reasonable in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Ellison v. Lesher*, 796 F.3d 910, 916 (8th Cir. 2015). Factors that are relevant to the reasonableness of an officer's conduct include "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Burnikel v. Fong*, 886 F.3d 706, 710 (8th Cir. 2018).

Here, plaintiff alleges that he was handcuffed by a Pemiscot County Sheriff's Deputy when Officer Josh Carter arrived at the scene and began to choke him. Officer Carter allegedly had to be directed by the Sheriff's Deputy who was effectuating the arrest to remove himself from plaintiff. Plaintiff claims that he suffered injuries that were so bad that he was taken to the emergency room, could not eat regular food for four to six days, and had difficulty swallowing.

6

The Court must accept these allegations as true and make all reasonable inferences in plaintiff's favor. *See Jones v. Douglas Cnty. Sheriff's Dept.*, 915 F.3d 498, 499 (8th Cir. 2019). Therefore, the Court will direct the Clerk of Court to issue process on Officer Josh Carter in his individual capacity as to the excessive force claim.

## Motion for Appointment of Counsel

Plaintiff has filed a motion for appointment of counsel. The motion will be denied at this time. In civil cases, a pro se litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). *See also Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) (stating that "[a] pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case"). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim…and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After reviewing these factors, the Court finds that the appointment of counsel is not warranted at this time. Plaintiff has demonstrated, at this point, that he can adequately present his claims to the Court. Additionally, neither the factual nor the legal issues in this case appear to be complex. The Court will entertain future motions for appointment of counsel as the case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [ECF No. 2] is **GRANTED**. *See* 28 U.S.C. § 1915(a)(1).

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $1.00 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk of Court shall issue summons on the complaint as to defendant Officer Josh Carter in his individual capacity, on plaintiff's claim of excessive force, at the Steele Police Department located 115 S. Walnut Street, Steele, Missouri 63877.

**IT IS FURTHER ORDERED** that because plaintiff is proceeding in forma pauperis in this action, service shall be effectuated by the United States Marshal's Office through summons, pursuant to Fed. R. Civ. P. 4. *See* 28 U.S.C. §1915.

**IT IS FURTHER ORDERED** that a copy of the summons and return of summons shall be filed in this matter.

**IT IS FURTHER ORDERED** that plaintiff's claims brought against the Steele Police Department are **DISMISSED** for failure to state a claim.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [ECF No. 3] is **DENIED at this time**.

8

**IT IS FURTHER ORDERED** that an appeal of this Order would not be taken in good faith.

An Order of Partial Dismissal will accompany this Memorandum and Order.

Dated this 9th day of February, 2024.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE